UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:16-CV-20031

DANIELLA TRIVINO,

    Plaintiff,

v.

JVC FRANCO 2, LLC, d/b/a JUAN VALDEZ CAFÉ,
and NICOLA BRANCIFORTE,

    Defendants.
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendants, JVC Franco 2, LLC d/b/a Juan Valdez Café ("JVC") and Nicola Branciforte ("Branciforte") (collectively "Defendants"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

## FACTUAL BACKGROUND

1. On or about December 11, 2015, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned as *Daniella Trivino v. JVC Franco 2, LLC d/b/a Juan Valdez Café and Nicola Branciforte,* Case No. 2015-28739-CA-01 (the "State Action"). A true and correct copy of the Complaint filed in the State Action ("Complaint"), the only document served upon Defendants, is attached hereto as **Exhibit A** and incorporated herein by reference pursuant to Rule 10(c), Fed. R. Civ. P.

2. The Complaint in the State Action brought suit against corporate defendant JVC and Mr. Branciforte, individually. Mr. Branciforte is allegedly a corporate officer of JVC. *See* Complaint at ¶ 4.

3. The Complaint was served on the Defendants on December 17, 2015. True and accurate copies of the returns of service evidencing service on December 17, 2015 are attached as **Composite Exhibit B**.

4. These pleadings constitute Defendants' first legal notice of the State Action for purposes of removing the State Action to this Court. No other process, pleadings or orders have been served upon the Defendants. A true and correct copy of the docket in the State Action, as of January 6, 2016, is attached as **Exhibit C**.

5. The six-count Complaint seeks damages for alleged: a) unpaid overtime wages and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*, against JVC and Branciforte [Complaint at ¶¶ 35-54 (counts IV-V)]; b) retaliation violation against JVC under the FLSA [*id.* at ¶¶ 55-59 (count VI)]; c) common law breach of implied contract against JVC [*id.* at ¶¶ 20-22 (count I)]; d) common law *quantum meruit* against JVC [*id.* at ¶¶ 23-28 (count II)]; and, e) common law unjust enrichment against JVC [*id.* at ¶¶ 29-34 (count III)].

6. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *see also Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11thCir. 2000).

7. Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1331. Because this action arises under federal law, district courts have

original jurisdiction pursuant to 28 U.S.C. § 1331. *See also Cusworth v. American Airlines*, No. 10-22150-CIV, 2011 WL 3269436 (S.D. Fla. July 29, 2011). The United States Supreme Court has specifically ruled that an action brought under the FLSA in state court is removable to federal court. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

8. Moreover, the United States district courts also have supplemental jurisdiction of common law claims pursuant to 28 U.S.C. § 1367(a), which states "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As explained in *Lucero v. Trosch*, "[t]he constitutional 'case and controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." 121 F. 3d 591, 597 (11th Cir. 1997).

9. Here, Plaintiff's three FLSA claims and her three common law claims arise from the same purported employment relationship and each relies on the identical 19 general and factual allegations of the Complaint. *See* [Complaint at ¶¶ 1-19, 20, 23, 29, 35, 45, 55]. Thus, each claim arises from the same common nucleus of operative fact and the "case and controversy" standard therefore confers supplemental jurisdiction. *See, e.g., Geter v. Galardi South Enters., Inc.*, 43 F. Supp. 3d 1322, 1329 (S.D. Fla. 2014) (concluding the court had jurisdiction over a common law breach of contract claim arising from the same set of facts underlying the FLSA claims); *see also Rivero v. Lefeld & Son, LLC,* No. 13–81154–CIV, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014) (determining supplemental jurisdiction exists for breach of contract counterclaim because the "FLSA claim and the counterclaims stem from the

employer/employee relationship and the duties and obligations of both Defendants and [Plaintiff].") (alteration added)).  Consequently, the entire State Action is removable to federal court.

10. This Notice of and Petition for Removal is filed within thirty (30) days after the date on which Defendants first received notice of the State Action. *See* 28 U.S.C. § 1446(b). Moreover, Defendants have not filed any pleadings in said matter nor taken any action whatsoever since the cause became removable, except to file this Notice of and Petition for Removal.

11. Both Defendants served with the Complaint consent to removal of the State Action to this Court pursuant to 28 U.S.C. § 1446(b)(2).

12. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

13. Defendants have, simultaneously with the filing of this Notice of and Petition for Removal, given written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

14. A copy of this Notice of and Petition for Removal has simultaneously been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

15. Venue is proper in the Southern District of Florida in that the State Court action is pending within the jurisdictional confines of this district.

**WHEREFORE,** Defendants JVC Franco 2, LLC d/b/a Juan Valdez Café and Nicola Branciforte hereby remove this case to the United States District Court for the Southern District of Florida.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  January 6, 2016 | **AKERMAN LLP** <br> One Southeast Third Avenue <br> Suite 2500 <br> Miami, FL  33131-1714 <br> Telephone:  (305) 374-5600 <br> Facsimile:  (305) 374-5095 |
|  | By: *s/Darryl R. Graham* <br>     FRANCISCO A. RODRIGUEZ <br>     Florida Bar No. 0653446 <br>     Primary e-mail: francisco.rodriguez@akerman.com <br>     Secondary e-mail: giselle.cordoves@akerman.com <br>     DARRYL R. GRAHAM <br>     Florida Bar No. 0060857 <br>     Primary e-mail: darryl.graham@akerman.com <br>     Secondary e-mail: sharon.luesang@akerman.com |
|  | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Darryl R. Graham
Darryl R. Graham

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Waynice A. Green, Esq.
wgreen@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-416-5000
Facsimile:  305-416-5005

*Counsel for Plaintiff*

Francisco A. Rodriguez, Esq.
francisco.rodriguez@akerman.com
Darryl R. Graham, Esq.
darryl.graham@akerman.com
**AKERMAN LLP**
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
Telephone:  305.374.5600
Facsimile:  305.374.5095

*Counsel for Defendants*